UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MATTHEW FERRARI,

        Plaintiff,

   v.

KEN SALAZAR, SECRETARY OF THE UNITED STATES DEPARTMENT OF THE INTERIOR,

        Defendant.
                                              /

NO. CIV. 09-00012 WBS DAD

MEMORANDUM AND ORDER RE: MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

----oo0oo----

        Plaintiff Matthew Ferrari brought this action against Ken Salazar in his capacity as Secretary of the Interior[1] for damages and cost recovery pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. (2006) and Title VII of the Civil

---

[1] Plaintiff's First Amended Complaint complains against Dirk Kempthorne, who was Secretary of the Interior when plaintiff originally filed his complaint. On January 20, 2009, Ken Salazar was confirmed as Secretary of the Interior. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ken Salazar is substituted for Dirk Kempthorne as the defendant in this suit.

1

Rights Act of 1964, 42 U.S.C. § 2000e et seq. (2006).  Defendant Ken Salazar, Secretary of the Department of the Interior, now moves for dismissal and summary judgment on plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rule of Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and Rule 56 for no genuine issue as to any material fact and that the defendant is entitled to judgment as a matter of law.

I.   Factual and Procedural Background

Plaintiff was hired by the Department of Interior as a hydrologist in 1991 and remains employed by the Department today.  (FAC ¶¶ 16, 33.)  In 2005, plaintiff was diagnosed with sleep apnea, depression, and social anxiety disorder.  Id. ¶ 21.  Plaintiff's physical and psychological conditions began to affect his work performance, and on July 27, 2007 he received a letter of reprimand from his employer for failure to complete work in a timely manner.  Id. ¶¶ 22, 24.  Shortly thereafter, plaintiff disclosed his medical conditions to his supervisors at work, and made various requests to management to discuss how to improve his performance and accommodate his disabilities.  Id. ¶¶ 25-26.  Defendant placed plaintiff on a ninety-day probationary period and a seven-day suspension.  Id. ¶¶ 24-27.  In April 2008, plaintiff received an "unsatisfactory" performance review and thereafter plaintiff alleges that his supervisor attempted to accommodate his disabilities by drafting performance plans and benchmarks which would provide the basis for future reviews of plaintiff's work.  Id. ¶¶ 29-30.  Plaintiff further alleges that his supervisor repeatedly and intentionally modified these

benchmarks in a way that made it more difficult for plaintiff to meet deadlines.  Id.  Plaintiff alleges that  the new benchmark system is not a reasonable accommodation of his disabilities, as his supervisors arbitrarily add tasks to his benchmarks and then give him poor performance reviews when he cannot complete them on time.  Id. ¶¶ 32-33.

Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") documentation indicating he was being unlawfully discriminated against, and signed a summary of his claims provided by the EEOC on February 18, 2008.  Id. ¶ 6.  On May 12, 2008, plaintiff's attorney received a notice from the EEOC outlining plaintiff's right to file a formal EEOC complaint, and plaintiff received the same notice on May 15, 2009.  Id. ¶ 7; (Opp. Mot. to Dismiss Atty. Affidavit ¶ 2.)  Plaintiff and plaintiff's counsel were allegedly confused about the deadline by which they had to file plaintiff's complaint, and attempted to get in contact with the EEOC to clarify.  FAC ¶¶ 9-10.  The documents sent by the EEOC to plaintiff's counsel were allegedly incomplete.  Id. ¶ 10.  On May 23, 2008, the defendant allegedly contacted plaintiff indicating defendant wanted to go into mediation.  Id. ¶ 8.  Plaintiff allegedly waited to file his complaint until he received more information from defendant regarding mediation, but the mediation offer never materialized into any further communications.  Id.  On June 4, 2008, plaintiff filed his complaint with the EEOC, Id. ¶ 11, and on October 6, 2008 received a notice from the EEOC dismissing plaintiff's complaint as untimely.  Id. ¶ 13.  The dismissal stated that plaintiff failed to file his complaint with the agency within

3

fifteen (15) days of receiving notice of his right to file the complaint, as required by EEOC regulations. (Mot. to Dismiss and Summary Judgment Ex. A). Plaintiff alleges that the EEOC intentionally thwarted his ability to file a timely complaint. FAC ¶ 14.

Plaintiff filed this civil action on December 31, 2008. Id. ¶ 15. On July 24, 2009, plaintiff and defendant entered into a stipulation stating that plaintiff's FAC "alleged facts raising the issue of equitable tolling of the deadline," and requesting that discovery be bifurcated and stayed with respect to all issues other than equitable tolling pending defendant's renewed motion to dismiss on procedural grounds. (Docket No. 19.) This court signed an order giving effect to the parties' stipulation on July 28, 2009. (Docket No. 20.) The defendant now moves for summary judgment on the grounds that the plaintiff failed to exhaust his administrative remedies by having failed to timely file his formal Equal Employment Opportunity complaint.

II.  Discussion

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that could affect the outcome of the suit, and a genuine issue is one that could permit a reasonable jury to enter a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. Id. at 256. On

4

issues for which the ultimate burden of persuasion at trial lies with the nonmoving party, the moving party bears the initial burden of establishing the absence of a genuine issue of material fact and can satisfy this burden by presenting evidence that negates an essential element of the nonmoving party's case or by demonstrating that the nonmoving party cannot produce evidence to support an essential element of its claim or defense.  Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1102 (9th Cir. 2000).

Once the moving party carries its initial burden, the nonmoving party "may not rely merely on allegations or denials in its own pleading," but must go beyond the pleadings and, "by affidavits or as otherwise provided in [Rule 56,] set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Valandingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir. 1989).  On those issues for which it will bear the ultimate burden of persuasion at trial, the nonmoving party "must produce evidence to support its claim or defense."  Nissan Fire, 210 F.3d at 1103.

In its inquiry, the court must view any inferences drawn from the underlying facts in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The court also may not engage in credibility determinations or weigh the evidence, for these are jury functions.  Anderson, 477 U.S. at 255.

In order to maintain a suit alleging employment discrimination against an agency of the United States, a claimant

5

must exhaust her administrative remedies in accordance with published procedures. See Leorna v. United States Dep't of State, 105 F.3d 548, 550 (9th Cir. 1997) (citing Brown v. General Serv. Admin., 425 U.S. 820, 832 (1976)). Federal regulations require that a federal employee raise a discrimination claim with an Equal Employment Opportunity ("EEO") counselor within forty-five days of an adverse employment action. See id. (citing 29 C.F.R. § 1614.105(a)). If the matter cannot be resolved informally, a complaint must be filed with the agency within fifteen days of the conclusion of the pre-complaint processing. See 29 C.F.R. § 1614.106. Summary judgment is proper where an agency dismissal has been issued because the aggrieved employee failed to comply with administrative deadlines. Johnson v. Henderson, 314 F.3d 409, 417 (9th Cir. 2002).

These administrative requirements are intended to act as a statute of limitation and, as such, are subject to waiver, equitable estoppel and equitable tolling. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).[2] Generally, federal courts grant equitable relief in only two kinds of situations: (1) when delay in filing a claim is excusable and does not unduly prejudice the defendant (equitable tolling); or (2) when the defendant prevented the plaintiff from asserting her claim by some kind of wrongful conduct (equitable estoppel). See Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000).

---

[2] The Supreme Court has held that the failure to file a timely EEOC administrative complaint is not a jurisdictional prerequisite to a Title VII claim, but is merely a statutory requirement subject to waiver, estoppel and equitable tolling. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).

6

In plaintiff's opposition to the government's motion to dismiss and/or for summary judgment, plaintiff raises issues of both equitable tolling and equitable estoppel.

        1.    <u>Equitable Tolling</u>

Federal employees must file their formal complaint with the agency within fifteen days of the conclusion of the pre-complaint processing. <u>See</u> 29 C.F.R. § 1614.106. Defendant argues that plaintiff through his counsel received his "Notice of Final Interview" ("Notice") on May 12, 2008. The Return Receipt form shows that the certified mail was sent on May 8, 2008 and received by plaintiff's counsel on May 12, 2008, (Reply Decl. James M. Mays Ex. D), and by plaintiff on May 15, 2008. (Reply Decl. James M. Mays Ex. C.) Because plaintiff was represented by counsel, all time frames for receipt of correspondence and documents regarding his complaint are computed from the time of receipt of his attorney. (Reply Decl. James M. Mays Ex. B.). Therefore, plaintiff had until May 27, 2008 to file his formal complaint with the agency. It is undisputed that plaintiff did not file his formal complaint until June 4, 2008. (<u>See</u> FAC ¶ 11.) It is also undisputed that the cover letter accompanying the Notice is dated May 8, 2008, and advised plaintiff that to pursue his complaint, he must complete and return certain forms "**within fifteen <u>15 calendar days</u> after receipt of this notice** . . . ." (Reply Decl. James M. Mays Ex. C, D.) (emphasis in original).

Equitable tolling requires that Ferrari was excusably ignorant of the limitations period. Defendant argues in its Reply brief that because plaintiff was represented by counsel when he failed to comply with the fifteen-day time requirement to

7

file a formal EEO complaint, he cannot take advantage of equitable tolling. Equitable tolling ceases once a claimant retains counsel because the claimant "has gained the means of knowledge of her rights and can be charged with constructive knowledge of the law's requirements." <u>Leorna</u>, 105 F.3d at 551. Here, defendant produced evidence that as early as January 8, 2008, plaintiff retained Erika M. Gaspar at the law firm Bowman Foos as his counsel and authorized her to represent him. (Reply Decl. Miranda S. Fram Ex. D.) On February 18, 2008, plaintiff signed a Designation of Representation form in which he designated Erika M. Gaspar to act as his representative in matters pertaining to his EEO discrimination complaint process. (Decl. James M. Mays, Ex. B.) Therefore, in light of the undisputed evidence before this court, plaintiff had constructive knowledge of the fifteen-day time requirement. Accordingly, plaintiff is not entitled to equitable tolling of the fifteen-day time requirement to file a formal EEO Complaint.

2. <u>Equitable Estoppel</u>

Courts will toll filing deadlines when the plaintiff is prevented from asserting his claim due to the wrongful conduct of the defendant. See <u>Irwin v. Department of Veteran Affairs</u>, 498 U.S. 89, 96 (1990); <u>Santa Maria</u>, 202 F.3d 1170 at 1178. Factors which the court should consider when deciding whether equitable estoppel should be applied include:

> (1) the plaintiff's actual and reasonable reliance on the defendant's conduct or representations, (2) evidence of improper purpose on the part of the defendant, or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct, and (3) the extent to which the purposes of the limitations period have been satisfied.

Santa Maria, 202 F.3d at 1176; see also Johnson v. Henderson, 314 F.3d at 414. Equitable estoppel, then, may come into play "if the defendant takes active steps to prevent the plaintiff from suing in time." Id. at 1176-77. The fact that plaintiff retained counsel does not necessarily cease his right to equitable estoppel, as it does for equitable tolling. See Stallcop v. Kaiser Found. Hosps., 820 F.2d 1044, 1050 (9th Cir. 1987) (evaluating equitable tolling and equitable estoppel separately).

Although not entirely clear from plaintiff's FAC, he appears to argue that defendant is equitably estopped from raising the fifteen-day deadline because the EEOC purposefully thwarted his attempt to file his complaint on time. Plaintiff alleges that the EEOC sent plaintiff's counsel incomplete documents, did not return plaintiff's telephone calls to clarify the filing deadline, gave conflicting information regarding the filing deadline. (FAC ¶¶ 9-10, 13-14; Opp. Mot. Dismiss Atty. Affidavit ¶ 2.)

Specifically, plaintiff alleges that after he received the notice from the EEOC outlining his right to file a formal complaint, he "placed several calls from [his] office telephone to the EEO counselor Jim Mays, with whom [he] had been working, to clarify the deadline for filing the complaint." (Opp. Mot. Summary Judgment Pl. Aff. ¶ 4.) Plaintiff further alleges that Jim Mays did not return his call until two weeks later. Id. These allegations are controverted by undisputed telephone records provided by the defendant. (Reply Decl. Miranda S. Fram.

9

Ex. B (showing only one phone call by plaintiff's office telephone to EEO counselor in May 2008, on May 29, 2008).) Plaintiff, therefore, fails to raise a material dispute of fact, and these facts fail to establish any "evidence of an improper purpose by the defendant, or of the defendant's actual or constructive knowledge that its conduct was deceptive" as required to invoke equitable estoppel. <u>Stallcop</u>, 820 F.2d at 1050.

At oral argument, counsel for plaintiff also suggested that the EEO counselor confused the plaintiff by telling him that the deadline for filing his EEOC complaint had already passed. According to the affidavit of Mr. Ferrari, Jim Mays contacted him on May 29, 2008 and so informed him that the deadline had passed. (Opp. Mot. Summary Judgment Pl Aff. ¶ 8.)  This cannot, however, form the basis for equitable estoppel of the filing deadline as the deadline indeed had indeed passed on May 27, 2008.

Furthermore, the plaintiff fails to argue, let alone establish, that the alleged bad acts by the EEOC can be imputed to the defendant in this case, which is the United States Geological Survey ("USGS").  The only actions alleged by the USGS is a telephone call from Jan Coffelt on May 23, 2008, regarding efforts to resolve plaintiff's problems with the USGS internally through the Department of Interior COnflict REsolution "CORE" program. (Opp. Mot. Summary Judgment Pl Aff. ¶ 5.)  Plaintiff alleges that he "was led to believe that mediation would occur within the next several days, and waited for further information." <u>Id.</u> ¶ 6.  These allegations fail to provide any evidence of improper purpose by the USGS or knowledge that its

10

conduct was deceptive as required to invoke equitable estoppel, <u>Stallcop</u>, 820 F.2d at 1050, and fail to excuse plaintiff's attorney from timely filing plaintiff's EEOC complaint.

Plaintiff has accordingly failed to establish "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). Neither equitable tolling nor equitable estoppel applies to preserve Ferrari's claims here, and the defendant is entitled to judgment as a matter of law.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment be, and the same hereby is, GRANTED.

DATED:  November 24, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE